May Term, 1837.<br>M'CONNELL<br>v.<br>BAKER.

---

## M'CONNELL v. BAKER.

The declaration in assumpsit stated, that the plaintiff had bought of the defendant all the fat hogs which the defendant then had, supposed to be about 530, at three dollars and 12½ cents per cwt., to be delivered, &c.; but that the hogs had not been delivered, &c. *Held,* that the declaration was bad on general demurrer, for not averring some particular number of hogs, with their weight, which the defendant had when the contract was made.

ERROR to the *Fayette* Circuit Court.

*Tuesday August 22.*

BLACKFORD, J.—This is an action of assumpsit. There are two special counts, stating that the plaintiff had bought of the defendant "all the fat hogs which the defendant then had, supposed to be about 530 hogs, at the rate or price of three dollars and 12½ cents per cwt. gross weight for the said hogs,"—to be delivered afterwards, &c.; but that the said hogs had not been delivered, &c. There are also two general counts,—one for money had and received, and the other for money lent and advanced. General demurrer to the special counts, and the demurrer sustained. To the other counts, the general issue was pleaded, and the plaintiff, on the trial, recovered a judgment. The plaintiff below is the plaintiff in error.

The only question raised in the cause is, could the special counts be sustained, without an averment of the number and weight of the hogs which were to have been delivered?

We think these counts are substantially defective. The

May Term,
1837.

contract declared on is for the delivery of all the fat hogs which the defendant then had, supposed to be about 530 hogs, at the price of three dollars and 12½ cents per cwt.; and the breach assigned is, that the said hogs were not delivered according to contract. The counts are defective, because there is no averment of any particular number of hogs with their weight, which the defendant had when the contract was made. In actions of this kind—for the non-delivery of goods—the value of the goods must be proved on the trial, or the jury have no rule by which to estimate the amount of damage for their non-delivery; and this shows, that a value must be stated in the declaration, because the plaintiff is only bound to prove the facts which he alleges. The *true* value need not be averred, but some value must.

Reverse the case, and suppose the suit were brought for the price of hogs sold and delivered by the plaintiff to the defendant, supposed to be 530 hogs, at three dollars and 12½ cents per cwt.,—could a declaration, not averring the number and weight of the hogs, be sustained? It certainly could not; and the obvious reason is, that the amount due to the plaintiff, admitting his statement to be true, would not be shown by the declaration. The averment is as necessary in the one case as in the other.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*C. B. Smith* and *S. W. Parker*, for the plaintiff.

*O. H. Smith*, for the defendant.